**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

WACHOVIA BANK, N.A.,

         Plaintiff,

vs.

CHAPARRAL CONTRACTING, INC., *et al.*,

         Defendants.

Case No.  2:09-cv-00164-RLH-GWF

**FINDINGS AND RECOMMENDATION**

       This matter is before the Court on Plaintiff's Motion for an Order to Show Cause Why Defendant William W. Plise Should Not Be Held In Contempt for Violations of This Court's Discovery Order and the Federal Rules of Civil Procedure (#37), filed on May 14, 2010.  The Court scheduled this motion for a hearing on June 14, 2010 at 2:30 P.M.  Defendant Plise, however, did not file a written response to the motion and did not appear at the hearing.[1]

**BACKGROUND**

       Plaintiff Wachovia Bank, N.A. filed suit against Defendants Chaparral Contracting, Inc. (hereinafter "Chaparral") and William W. Plise (hereinafter "Plise") on January 26, 2009.  The First Amended Complaint (#14), filed on March 11, 2009, alleges that Chaparral defaulted on a promissory note executed by it to Plaintiff's predecessor in interest.  The promissory note was secured by personal property collateral, namely construction equipment.  Defendant Plise also executed a personal guaranty on the note.  Plaintiff alleges that on or about October 29, 2008, it notified Chaparral that as a result of its default, all amounts due on the note, in an approximate amount of $3,372,000.00, were immediately

---

[1] Defendant Plise is represented by attorney John E. Field.  Although Mr. Field has not moved to withdraw as counsel for Defendant Plise, he has not responded on Mr. Plise's behalf to the subject motion.  Nor did he respond to Plaintiff's previous motion to compel Mr. Plise to appear for deposition.

due and payable. The collateral was thereafter sold at public auction pursuant to the agreement of the parties on November 7, 2008 for $2,160,002.67. This left a deficiency owing on the note in the amount of $1,211,997.33 which Defendants Chaparral and Plise have allegedly failed to satisfy.

Defendant Plise filed an answer to the First Amended Complaint on May 11, 2009. *Answer (#19)*. Defendant Plise has not otherwise participated in the defense of the action. Neither he nor his counsel executed the stipulated discovery plan and proposed scheduling order that was submitted to the Court on September 18, 2009. Prior to February 2, 2010, Plaintiff attempted to schedule Defendant Plise's deposition through his counsel, Mr. Field. Mr. Field notified Plaintiff's counsel in December 2009 that he was unable to communicate with Mr. Plise and could not provide any dates for Mr. Plise's deposition. On February 2, 2010, Plaintiff filed a motion to compel Defendant Plise to appear for deposition. *Motion to Compel (#32)*. Defendant Plise did not file a written response to Plaintiff's motion to compel. The Court granted the motion to compel on February 23, 2010 and ordered Defendant Plise to make himself available for deposition on or before March 24, 2010. *Order (#34)*. Plaintiff served an amended notice of deposition scheduling Defendant Plise's deposition for March 11, 2010. *Motion for Order to Show Cause (#37)*, Exhibit "E". Defendant Plise failed to appear for his deposition.[2]

## DISCUSSION

Fed.R.Civ.Pro. 37(b)(2) provides that if a party fails to obey an order to provide or permit discovery, the court may make such orders in regard to the failure as are just. The rule includes a list of sanctions that the court may impose, including the severe sanctions of dismissing the action or entering a default judgment. The court may also enter an order treating as a contempt of court the party's failure to obey the court's order. In regard to imposition of severe sanctions, *Henry v. Gill Industries,* 983 F.2d 943, 948 (9th Cir. 1993) states:

> "Because the sanction of dismissal is such a harsh penalty, the district court must weigh five factors before imposing dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking

---

[2] Defendant Plise and his counsel also did not appear at the mandatory settlement conference in this case on May 25, 2010.

sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Porter v. Martinez*, 941 F.2d 732,733 (9th Cir. 1991) (citations and internal punctuation omitted).

The key factors are prejudice and the availability of lesser sanctions. *Henry,* 983 F.2d at 948, *citing Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990). For dismissal or default to be proper, the conduct to be sanctioned must also be due to willfulness, fault or bad faith by the losing party. *Henry*, 983 F.2d at 947-48, *citing Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1985); *see also Valley Engineers Inc. v. Electric Engineering Company*, 158 F.3d 1051 (9th Cir. 1998); *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995) (applying same test under court's inherent power to sanction). In deciding whether dismissal or default is warranted, the court may consider all of the offending party's discovery conduct. *Henry*, 983 F.2d at 947, *citing Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1411 (9th Cir. 1990).

In *Henry*, the plaintiff failed to provide relevant documents in response to requests for production of documents and repeatedly delayed the taking of his deposition by cancelling it at the last minute. Plaintiff argued that defendant was not prejudiced because it eventually obtained all discovery it was seeking, including his deposition. The court stated, however, that a defendant suffers prejudice if plaintiff's actions impair defendant's ability to go to trial or threaten the rightful decision of the case. It also noted that as a result of plaintiff's wrongful delaying tactics, a key witness for defendant became unavailable. The court also found that lesser sanctions had been tried to obtain plaintiff's compliance and had failed. Therefore, the availability of lesser sanctions was not a factor weighing against imposition of the severe sanction of dismissal. The court also rejected plaintiff's assertion that his conduct was not willful or in bad faith. The court stated that "'disobedient conduct not shown to be outside the control of the litigant' is all that is required to demonstrate willfulness, bad faith or fault." *Henry,* 983 F.2d at 948, *citing Fjelstad ,* 762 F.2d at 1341.

*Valley Engineers Inc. v. Electric Engineering Company*, 158 F.3d 1051, 1057 (9th Cir. 1998), states that it is not always necessary for the court to first impose less severe sanctions or to give any explicit warning of the dismissal or default sanction. The court stated that "[t]he significance of warning is that a sanction may be unfair if the party could not have realized that it was in jeopardy of so

severe a consequence if it was in error regarding its discovery posture. Rule 37 tells all lawyers and their clients that dismissal is possible if they violate discovery orders, and direct warnings or other circumstances may make it clear that it is a real risk of continued violation in the particular case." The court further stated:

> What is most critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether the discovery violations "threaten to interfere with the rightful decision of the case." *Adriana*, 913 F.2d at 1412. While contumaciousness toward the court needs a remedy, something other than case-dispositive sanctions will often suffice. Dismissal is appropriate where a "pattern of deception and discovery abuse made it impossible" for the district court to conduct a trial "with any reasonable assurance that the truth would be available." *Id.,* at 1057-58, *citing Anheuser-Busch, Inc.,* 69 F.3d at 352.

*Id.*, 158 F.3d at 1057-58.

Trial in this case is scheduled for June 21, 2010. It is unclear whether Defendant Plise has any viable defense to Plaintiff's claims in this action. Plaintiff's ability to prosecute its claims and prepare to meet any trial testimony that Defendant Plise might offer in defense has been prejudiced, however, by his failure to appear for his deposition as ordered by the Court. It reasonably appears that Defendant Plise has abandoned his defense of this action. This is demonstrated by his failure to participate in the action since his answer was filed, and includes not only his failure to comply with the Court's order that he appear for deposition, but also by his failure to respond to Plaintiff's motions or to appear for the mandatory settlement conference in this case.

## CONCLUSION

The Court finds that Defendant's failure to comply with Order (#34) was willful. The Court further finds that imposition of less drastic sanctions are not likely to obtain Defendant Plise's compliance with the Court's orders. Nor is it necessary or appropriate under the circumstances to first warn Defendant Plise of the potential for the imposition of severe sanctions before imposing them. Accordingly,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for an Order to Show Cause Why Defendant William W. Plise Should Not Be Held In Contempt for Violations of This Court's Discovery

. . .

Order and the Federal Rules of Civil Procedure (#37) be granted and that Defendant William W. Plise's answer be stricken and his default entered.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 14th day of June, 2010.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE