Michael Stein, Esq.
Nevada Bar No. 4760
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway
Suite 1100
Las Vegas, NV 89169
Telephone (702) 784-5200
Facsimile (702) 784-5200



Attorneys for Plaintiff WACHOVIA BANK, N.A.

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| WACHOVIA BANK, N.A.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CHAPARRAL CONTRACTING, INC., a Nevada corporation, WILLIAM W. PLISE, an individual,<br><br>　　　　Defendants. | Case No. 2:09-cv-00164- RLH-GWF<br><br>FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF JUDGMENT IN FAVOR OF PLAINTIFF WACHOVIA BANK, N.A. AND AGAINST DEFENDANT CHAPARRAL CONTRACTING, INC.<br><br>Date of Trial: 6/12/2010<br>Time of Trial: 10:30 a.m. |

### I.　FINDINGS OF FACT

**A.　BACKGROUND**

This is an action for a deficiency judgment under the Uniform Commercial Code resulting from a borrower and guarantors' default on a loan agreement and related contracts. Wachovia, in its capacity as lender, executed a promissory note with Defendant Chaparral Contracting, LLC ("Chaparral") in the amount of $4,848,000.00. This promissory was secured by personal property, namely, construction equipment (the "Goods"). Defendant William W. Plise ("Plise") executed a personal guarantee of Chaparral's payment and performance of all agreements for indebtedness of Chaparral to Wachovia. Plaintiff agreed to allow Defendants to sell the Goods at an auction by a professional auctioneer.

1  The deficiency amount is $1,211,997.33 plus interest, attorneys' fees and costs, as provided by the parties' respective agreements, and post judgment interest to be set by the Court.

### B. STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a) as the aggregate amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is diversity between Plaintiff and all Defendants in this action. Wachovia is a national banking association chartered by the Office of the Comptroller of the Currency. Wachovia's main office is in the State of North Carolina and, therefore, Wachovia is a citizen of North Carolina pursuant to 28 U.S.C. § 1348. Chaparral is a Nevada corporation and citizen of the State of Nevada. Plise is a citizen of the State of Nevada and a shareholder, officer and director of Chaparral.

### C. UNDISPUTED FACTS

Neither Defendant denies that Chaparral borrowed $4,848,000.00 from Wachovia's predecessor in interest; that Plise executed a personal guarantee of Chaparral's payment and performance of all agreements for indebtedness of Chaparral to Wachovia, as successor in interest to the holder of the aforementioned note; that the loan was secured by personal property, namely construction equipment, or that neither Defendant paid the monies due and owing under the loan. Neither Defendant contested, in its Answer to the First Amended Complaint, any of the facts related to its breach of the agreement to repay the loan. Chaparral does not allege that the equipment that was used as collateral was not sold at its request by Richie Brothers Auctioneers or that the proceeds were used to reduce its outstanding balance on the promissory note.

Notwithstanding the requirement imposed by Rule 11 requiring a *reasonable inquiry* that "the denial of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based upon a belief or a lack of information," both Chaparral and Plise's response to *every single* factual averment in the Complaint was that they were "without knowledge or information sufficient to form a belief as to the truth of the allegations therein , and therefore, on that ground den[y] the same." (Chaparral's Answer, ¶ 6; Plise's Answer, ¶ 6). Defendants alleged inability to recall anything about the transaction at issue in this case is simply untenable.

For example, Defendants suggest to this court that they don't know whether or not (1) Chaparral executed a promissory note for $4,848,000.00 or (2) Mr. Plise executed a written Guarantee of this loan or that equipment was used as collateral for the note. Such responses are so far removed from any notion of plausibility that this court simply should not accept the idea that counsel for Chaparral and Plise could not reasonably investigate whether the information exists and how difficult it would be to find. *See US. v. 1866.75 Board Feet, 11 Doors and Casings, More of Less of Dipteryx Panamensis Imported from Nicaragua*, 2008 WL 839792 (E.D. Va. 2008); *Greenbaum v. U.S.*, 360 F. Supp. 784, 787 (E.D. Pa. 1973).

A party pleading lack of knowledge and information is also bound by the obligation of honesty in pleading. An allegation that is obviously within the responding party's knowledge or information cannot be avoided, and averring lack of knowledge or information in such circumstances should have the effect of admitting the allegation. *See Harvey Aluminum (Inc.) v. N.L.R.B.*, 335 F.2d 749, 757 (9th Cir. 1964); *Dawkins v. Williams*, 511 F. Supp. 2d 248, 271 n. 53 (N.D.N.Y. 2007); *Djourabchi v. Self*, 240 F.R.D. 5, 12 (D.D.C. 2006) (citing lack of knowledge, pleader denied allegation that he lacked a license to perform general contracting work in the forum; court found that pleader should have known the answer and deemed the allegation admitted). The salient averments in the complaint that Defendants simply allege as lacking knowledge and information to admit or deny that they should have known are as follows and are deemed *admitted* by this court:

 1. On or about December 12, 2006, Chaparral executed a master security agreement (the "Agreement") with Key Equipment Finance, Inc., predecessor in interest to Wachovia, to finance a transaction secured by personal property, namely, construction equipment (the "Collateral").
 2. Contemporaneous with the Agreement, Chaparral executed a promissory note (the "Note"), secured by the Agreement, in the sum of $4,848,000.00.
 3. Wachovia is the holder in due course of the Note.

4. The Note listed a funding date of February 27, 2007 (the "Funding Date"), and provides that the balance of the principal and interest shall be payable in sixty (60) consecutive monthly payments.

5. The Note is secured by a first priority security interest in the Collateral.

6. Under the Agreement, Chaparral pledged a continuing security interest in the Collateral to secure payment and performance of the loan payments, until all loan payments were satisfied in full.

7. The Agreement sets forth Wachovia's rights in the event of Chaparral's default under the terms of the Agreement, including the delivery of all Collateral for public or private sale.

8. Under the default terms in the Agreement, Chaparral agreed to remain liable for any deficiency in the disposition of the Collateral.

9. Plise executed a personal guarantee (the "Guarantee") of the Note on or about December 12, 2006, acknowledging his obligation as personal guarantor of Chaparral's performance of the terms of the Note and Agreement.

10. After the Funding Date, Chaparral failed to make payments required under the Note and materially defaulted under its obligations in the Note and Agreement.

11. Plise also failed to comply with the terms of the Guarantee by not making payments due and owing to Wachovia.

12. On or about October 23, 2008, Wachovia's counsel sent Chaparral a letter *confirming Chaparral's consent to a sale by auction* of the Collateral subject to the Agreement, noting that Wachovia would receive all net proceeds from the sale and that Chaparral and Plise would remain liable for any deficiency remaining after such sale.

13. On or about October 29, 2008, Wachovia's counsel sent another confirming letter to Chaparral noting that due to Chaparral's default, all

1 payments under the Note would be accelerated, and reminding Chaparral that pursuant to the Note, Chaparral may be responsible for payment of all costs and expenses incident to any workout of the obligations and payment of all attorney fees and costs for said enforcement. The letter also included an accounting of all outstanding obligations under the note, totaling approximately $3,372,000.00.

14. Pursuant to the agreement of the parties, the Collateral was sold at public auction on November 7, 2008 in a commercially reasonable manner.

15. The auction was held in a manner consistent with the parties' agreement.

16. The proceeds of the auction totaled $2,160,002.67.

17. There remains a deficiency on the payment of the principal amount of the Note of approximately $1,211,997.33, plus ongoing accrued interest and fees and costs.

Further, Chaparral failed to appear at the trial and therefore presented no evidence to contradict the evidence submitted by Plaintiff.[1]

## II. CONCUSIONS OF LAW

The elements for a cause of action for breach of contract are (1) formation of a contract between plaintiff and defendant; (2) performance by plaintiff; (3) defendant's failure to perform; (4) resulting damage. *See Hecht v. Components Int'l., Inc.*, 22 Misc.3d 360, 364, 867 N.Y.S.2d 889, 895 (2008)[2]. When the language of a contract is unambiguous, a court will enforce its plain meaning rather than rewrite the agreement, and its meaning may be determined as a matter of law on the basis of the writing along without resort to extrinsic evidence. *See W.W.W. Assocs. V. Giancontieri*, 77 N.Y.2d 157, 162, 565 N.Y.S.2d 440, 566 N.E.2d 639 (1995).

Additionally, it is well established that every contract imposes upon the contracting parties the duty of good faith and fair dealing. *See Poley v. Sony Music Ent., Inc.* 163 Misc.2d 127, 619

---

[1] Plaintiff's Motion for Default Judgment [ECF. No. 52] against Plise was granted by this Court. [ECF. No. 58]

[2] Pursuant to the Section 21(b) of the Agreement and Section 8 Note, attached hereto as Exhibits 2 and 3, the terms and enforcement of those contacts are to be determined pursuant to the laws of the State of New York.

N.Y.S.2d 923 (1994). Moreover, it is recognized that a wrongful act which is committed during the course of the contractual relationship may give rise to both tort and contractual remedies.

In this case, it is undisputed that Plise and Chaparral entered into the Loan Agreements. The relevant contracts required Defendants to satisfy the indebtedness incurred by the Loan Agreements by February 27, 2007. However, Defendants failed to perform the obligations under the Loan Agreements and did not repay any portion of the original loan amount, forcing Wachovia to sell the Collateral, which resulted in a deficiency of over one million dollars. Defendants are contractually obligated to satisfy this deficiency, and have failed to do so.

It is further undisputed that Wachovia fully performed its obligations under the Loan Agreements, namely, by funding the loan in the agreed-upon amount, and has not waived any aspect of Defendants' performance. Wachovia gave proper notice of the default and proscribed a set time to cure, which was ignored by the Defendants. Chaparral has therefore breached the Loan Agreements, and the failure to perform is an actionable contractual breach.

As there are no facts in dispute, judgment in favor of Plaintiff and against Defendant Chaparral is warranted at this time on all claims for relief for a total amount of $1,211,997.33. Plaintiff is also entitled to its reasonable attorneys' fees, pursuant to the Agreement and Note, and shall prepare and submit to the court a motion for attorney's fees under Fed. R. Civ. P. 54(d)(2). Plaintiff is entitled to taxable costs under Fed. R. Civ. P. 54(d)(1) and shall prepare and submit to the court a memorandum of costs. Plaintiff is entitled to an award of pre-judgment interest against Defendant Chaparral accruing from November 25, 2008, pursuant to N.Y. C.P.L.R. 5001, at the rate of 9 % per annum pursuant to N.Y. C.P.L.R. 5004.[3] Plaintiff is entitled to post-judgment interest on the total amount of this judgment, including the award of pre-judgment interest, pursuant to N.Y. C.P.L.R. 5002.

Dated: July 12, 2010.

By: _____
UNITED STATES DISTRICT JUDGE

---

[3] The Auction Settlement Statement from Ritchie Bros. Auctioneers is dated November 25, 2008.

58739.0001\STEINM\SWDMS\11724063